UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-80148-Cr-RYSKAMP

**UNITED STATES OF AMERICA,**

vs.

**GARY KAFKA,
SONDRA PASTORE, and
MICHAEL DISALVO,**

        **Defendants.**
_____/

## REPORT AND RECOMMENDATION CONCERNING DEFENDANT GARY KAFKA'S AMENDED MOTION TO SEVER COUNTS FOR TRIAL (DE 40)

THIS CAUSE is before the Court upon the District Court's referral of the instant motion to the undersigned United States Magistrate Judge for Report and Recommendation. (DE 41). After being fully advised in the premises, the Court hereby **RECOMMENDS** Defendant's motion be **DENIED.**

On November 7, 2006, Defendant Gary Kafka filed an Amended Motion to Sever Counts for Trial. (DE 40). The Government responded to Defendant's motion on November 14, 2006. (DE 44). Defendant failed to file a reply.

### BACKGROUND

Defendant is charged in a twenty-four count indictment with conspiracy to defraud lending institutions and with making false statements and writings to the United States Probation Office. (DE 40, ex). Count one of the indictment alleges that Defendant and two co-defendants participated in a conspiracy, through which the Defendants sought to "enrich themselves unlawfully by defrauding

lending institutions, by providing false and fraudulent information, and credit card companies by transferring assets to defendant PASTORE and liabilities to defendant KAFKA, and it was a further object of the conspiracy to conceal defendant KAFKAS's true finances and employment status by concealment of material facts from, and false and fraudulent representation to, the United States Probation Office." (DE 40, ex). Count two of the indictment alleges that Defendant and co-defendant Pastore fraudulently obtained a $25,000 line of credit while Defendant was incarcerated. (DE 40, ex). Count three of the indictment alleges that Defendant and co-defendant Pastore submitted mortgage applications, seeking to refinance their home, claiming more than $18,000 per month income while Defendant was reporting only minimal earnings to the United States Probation Office and further reporting that he maintained no ownership interest in the home. (DE 40, ex.). Defendant is further charged with several counts of false oral statements to the United States Probation Office, based upon Defendant's statements providing allegedly false employment and financial information, concealing his alleged employment with certain lending companies, and allegedly concealing his actual income and liabilities. (DE 40, ex).

## DISCUSSION

Defendant seeks to sever counts from a 24-count indictment, trying the counts alleging mortgage, loan and credit fraud separately from the counts alleging false and fraudulent statements to the United States Probation Office. (DE 40). Defendant asserts that "the defendant would be highly prejudiced by having to proceed to trial on allegations which would put the jury on notice that the defendant was on probation at the time of the alleged financial fraud offenses." (DE 40 at 2). (citing Fed. R. Evid. 404(b), evidence of a prior crime is only admissible for limited purposes).

>Fed. R. Crim. P. 14 provides:
>
>(a) Relief.  If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires. . .

The Eleventh Circuit has held that in order to determine if separate offenses were properly tried at the same time, the government must initially " demonstrate that the initial joinder of offenses was proper under Rule 8(a) of the Fed. R. Crim. P. . ." *United States v. Walser*, 3 F.3d 380, 385 (11th Cir. 1993) (noting that Rule 8(a) is construed broadly in favor of initial joinder).

>Fed. R. Crim. P. 8(a) provides:
>
>(a) Joinder of Offenses.  The indictment or information may charge a defendant in separate counts with 2 mor more offenses if the offenses charged - whether felonies or misdemeanors or both - are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

"Rule 8 is broadly construed in favor of the initial joinder."  *United States v. Dominguez,* 226 F. 3d 1235, 1238 (11th Cir. 2000). In order to determine if charges are properly joined, the court must examine the allegations stated in the indictment.  *Id.*  Defendant, with little discussion, asserts that "the indictment charges two separate and distinct sets of criminal activity."  (DE 40 at 2). The Defendant contends that the counts relating to mortgage, loan and credit fraud should be tried separately from counts alleging false and fraudulent statements to U.S. Probation.  (DE 40).  The Government asserts that joinder of the loan fraud and false statements charges is proper under both the first and third options - that the charges "are of the same or similar character," and that the charges "are connected with or constitute parts of a common scheme or plan."  (DE 44 at 5).

In *Walser*, the Eleventh Circuit held that joinder is proper if they are of the same or similar

3

character, "even if such offenses do not arise out of the same series of acts or transactions." *Walser*, 3 F.3d at 385 (discussing the definition of similar: "[n]early corresponding, resembling in many respects, somewhat alike, having a general likeness."). The court upheld the district court's refusal to sever a perjury and aiding and abetting count from charges of false and fraudulent statements made to a government agency, finding that the counts were similar as they all related "to the attempt or to the coverup of those attempts- to obtain by fraud federal crop relief." *Id.* The court found that the counts were all similar in that the falsehoods and the need to cover up the falsehoods led to the perjury charge. *Id.* at 386 ("In sum, the charges alleged in the indictment are sufficiently related to Walser's schemes to mislead the government and obtain unwarranted crop relief. Accordingly, the offenses charged here are similar within the meaning of rule 8(a)").

Similarly, the loan fraud activity alleged by the indictment provided the need for Defendant's alleged fraudulent statements to United States Probation- the charges alleging fraudulent statements to U.S. Probation are similar to the loan fraud charges as the allegedly fraudulent statements to U.S. Probation were needed to conceal the other allegedly fraudulent activity, and as the defendant allegedly provided fraudulent employment and asset information in both sets of charges.

In *United States v. Dominguez*, the Eleventh Circuit held that joinder of charges alleging mortgage loan fraud were properly joined with drug related charges where the mortgage fraud was necessary to conceal the fact that the defendant's "income had been derived from drug activity." 226 F. 3d at 1239. The court held that "the fact that one illegal activity provides the impetus for the other illegal activity is sufficient to constitute a common scheme for joinder purposes." *Id.* The *Dominguez* court relied upon *United States v. Kopituk*, 690 F.2d 1289 (11th Cir. 1982), a case in which the court found that charges of filing false income tax returns were properly joined with other

4

non-tax related offenses, including racketeering, conspiracy and extortion. *Id.* at 1314. The court held that the tax offenses furthered the non-tax offenses, and facilitated the conspiracy's efforts to avoid detection, thus the tax offenses were properly joined with the others as they were "part of a series of acts committed in furtherance of the overall conspiracy." *Id.* ("It is well established that substantive offenses arising out of a single conspiracy can properly be joined, since the conspiracy provides a common link connecting the offenses").

Defendant's statements to U.S. Probation allegedly concealed the true amount and source of Defendant's income, as well the nature of his employment. Such concealment permitted Defendant to continue his participation in the alleged conspiracy. Analogous to *Dominguez*, the allegedly illegal mortgage loan activity in this case provided the impetus for allegedly fraudulent statements to U.S. Probation.

Pursuant to the above discussion, this Court concludes that joinder was proper. This Court will now address the issue of prejudice.

Defendant asserts that severance is necessary as "the defendant would be highly prejudice by having to proceed to trial on allegations which would put the jury on notice that the defendant was on probation at the time of the alleged financial fraud offenses." (DE 40).

Once it has been determined that joinder was proper under Fed. R. Civ. P. 8(a), the Court must determine whether the defendant will be prejudiced if the counts are not severed for trial. *United States v. Benz*, 740 F.2d 903, 911 (11th Cir. 1984). In order to determine if severance of properly joined counts is appropriate, the court must "balance the prejudice to the defendant against the interests of judicial economy." *Id.* The Eleventh Circuit has held that "the burden of demonstrating prejudice is a difficult one and the ruling of the trial judge will rarely be disturbed on

review." *Id.*

> The test for assessing compelling prejudice is whether under all the circumstances of a particular case it is within the capacity of jurors to follow a court's limiting instructions and appraise the independent evidence against a defendant solely on that defendant's own acts, statements, and conduct in relation to the allegations contained in the indictment and render a fair and impartial verdict. If so, 'though the task be difficult,' there is no compelling prejudice. Moreover, if the possible prejudice may be cured by a cautionary instruction severance is not required.

*Walser*, 3 F.3d at 386-7 (internal citations omitted).

"[I]n the absence of circumstances indicating a high likelihood of prejudice, due process does not mandate severance of a charge requiring proof of a prior conviction from the other counts in a criminal indictment." *United States v. Jiminez*, 983 F.2d 1020, 1022 (11th Cir. 1993) (finding that the district court's refusal to sever a charge of possession of a firearm by a felon, requiring the introduction of evidence of a prior narcotics conviction, from other charges was not reversible error where the prior criminal activity was not unduly emphasized at trial, where the parole violation was relevant to the other counts and evidence of the prior conviction would have been admissible in support of those counts, and where the trial judge issued limiting instructions). In J*iminez*, the court held that where proper safeguards were in place, refusal to sever was not improper. *Id.* at 1023.

The Government asserts that the evidence needed to prove the loan fraud charges is inextricably intertwined with the evidence necessary to prove the false statement offenses, and that the same bank, business and public records would be used to prove both the mail and wire fraud offenses and the false statement offenses. (DE 44). The Government contends that "[a]ssuming arguendo that the loan fraud counts were severed, there would be a duplication of effort in that nearly all the evidence of the loan fraud offenses would also have to have been presented as proof that Kafka

committed the false statement offenses." (DE 44). "Unfair prejudice does not result when two offenses are joined if evidence admissible to prove each offense is also admissible to prove the other offense." *United States v. Gabay*, 923 F.2d 1536, 1540 (11th Cir. 1991).

The Government additionally contends that severance would be fruitless, as evidence of Defendant's prior conviction, incarceration and supervised release would be directly relevant and admissible and would therefore not be remedied by severance of the false statement counts. (DE 44 at 9). Moreover, the Government advises that it has noticed Defendant that it "intends to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b) with regard to defendant Kafka. That evidence includes defendant Kafka's convictions for loan fraud pursuant to Title 18, United States Code, Section 1014, in case number 00-8099-CR-FERGUSON, as well as the underlying facts presented at his trial." [1] (DE 44 at 10).

This Court concludes that Defendant has failed to demonstrate that prejudice would occur without severance of counts. Moreover, pursuant to the *Jiminez* decision, severance is not mandated where evidence of Defendant's probation status is relevant to the other charges, where Defendant's prior conviction is likely to be admissible, and where proper safeguards, such as limiting instructions, are in place to avoid undue prejudice. *Jiminez*, 983 F.2d at 1022; *see also Walser*, 3 F.3d at 386-7. Balancing the risk of unfair prejudice against the interests of judicial economy, this Court concludes that the Defendant's Motion to Sever Charges should be denied.

For the reasons stated above, this Court **RECOMMENDS** to the District Court that the

---

[1] Government asserts that evidence that Defendant was previously convicted for providing inflated income and assets to financial institutions in order to obtain loans would be admissible pursuant to Rule 404(b), as it demonstrates "motive, opportunity, intent, preparation, plan, knowledge, identity, as well as the absence of mistake or accident." (DE 44 at 10).

Defendant's Motion to Sever Charges be **DENIED**.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable United States Senior District Judge Kenneth L. Ryskamp, within ten (10) days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(C). Failure to file timely objections may limit the scope of appellate review of factual findings contained herein. See *United States v. Warren*, 687 F.2d 347, 348 (11th Cir.1982) cert. denied, 460 U.S. 1087 (1983).

**DONE AND SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 14 day of December, 2006.

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:

Hon. Kenneth L. Ryskamp
Counsel of Record